UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**HOFIT JENKINS,**

                 **Case No. 03-08-CV-037**

  **Petitioner,**

                 **Judge Thomas M. Rose**

**-v-**

**AVRAHAM JENKINS,**

  **Respondent.**

---

**ENTRY AND ORDER GRANTING PETITIONER'S AMENDED MOTION FOR A TEMPORARY RESTRAINING ORDER (Doc. #8) AND ORDERING THAT ORIN JENKINS' TRAVEL DOCUMENTS BE SURRENDERED TO THE CLERK OF COURTS**

---

  This initially came before the Court upon the Motion of Petitioner, Hofit Jenkins, for a Temporary Restraining Order and for Expedited Proceedings against Respondent Avraham Jenkins for the return of her son Orin Jenkins (the "Child"). On February 19, 2008, Petitioner then filed an Amended Motion for a Temporary Restraining Order and Expedited Proceeding and to Reschedule the Hearing Set for February 21, 2008.

  Petitioner's initial Motion and Amended Motion are supported by the following facts: The Petitioner and the Respondent are the parents of the Child and are citizens of Israel. Petitioner and Respondent were married on November 28, 2001, in Haifa, Israel. Petitioner and Respondent resided in Israel until they relocated temporarily to Clayton, Ohio in April of 2007. The Child was born April 25, 2004, in Haifa, Israel and is an Israeli citizen.

  The Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention") applies to cases where a child under the age of sixteen (16) years has been removed or is retained from his or her habitual residence in breach of rights of custody of a

petitioner that the petitioner had been exercising at the time of the wrongful removal or wrongful retention of the child. Both Israel and the United States are Contracting States to the Hague Convention.

At the time of Respondent's alleged wrongful retention of the Child on September 22, 2007, Petitioner was actually exercising custody rights within the meaning of Articles Thee and Five of the Hague Convention in that she is the mother of the Child and has exercised custody rights over her son since he was born. She was the primary caretaker of the Child because Respondent traveled frequently on business. Furthermore, the Child was a resident of Israel until the family's temporary move to Ohio in April of 2007.

Petitioner has requested the return of the Child to Israel pursuant to her Request for Return, which Respondent has refused. Unless restrained, Petitioner will suffer irreparable harm from lack of communication with her Child and continued frustration of her parental rights. Further, the Petitioner requests that a TRO be issued *ex parte* so that the Respondents do not have an opportunity to abscond with the Child.

The Court found the initial Motion for a Temporary Restraining Order ("TRO") to be well taken. A TRO was issued on February 12, 2008, and a hearing on a Preliminary Injunction was set for February 21, 2008. (Doc. #6.)

Petitioner unsuccessfully attempted service of the TRO on Respondent Avraham Jenkins for several days at his last known address. On Monday, February 18, 2008, the process server reported that he had spoken to Claris Jenkins, Respondent Avraham Jenkins' mother. Claris Jenkins stated that she had the Child at her house and that Respondent Avraham Jenkins was in Washington State on business until February 29, 2008. This information was reported to this Court on February 18, 2008.

On February 19, 2008, Petitioner filed an Amended Complaint that names Claris Jenkins as a Respondent in addition to Avraham Jenkins. (Doc. #7.) Petitioner also filed the Amended Motion that is now before the Court.

The Amended Motion seeks an Amended TRO and is based upon the same facts set forth in the initial Motion with the addition of the information regarding the current status of the Child and the Respondents. It also, is well taken.

It is therefore:

Ordered that Respondents be prohibited from removing the Child from the jurisdiction of this Court; and it is further

Ordered that Respondents surrender the Child's passport and other travel documents to the Clerk of the United States District Court for the Southern District of Ohio at Dayton. The Clerk is located at Room 712 of the Federal Building, 200 West Second Street, Dayton, Ohio; and it is further

Ordered that Respondents permit Petitioner to speak with the Child by phone for at least half an hour at least three times per week; and it is further

Ordered that Petitioner's Motion for a Preliminary Injunction be set for hearing before this Court. A time within the next ten days that is, to the extent possible, convenient for the Parties will be set by the Court for this hearing. This Court is located at Courtroom #2, Ninth Floor, Federal Building, 200 West Second Street, Dayton, Ohio; and it is further

Ordered that this Entry and Order be served upon the Respondents with the Amended Verified Petition; and it is further

Ordered that Petitioner serve a copy of her Amended Verified Petition, Declaration, Amended Motion for Temporary Restraining Order and expedited hearing and a copy of this

Entry and Order on Shawn P. Hooks, Esq., Attorney for Respondent. at Holzfaster, Cecil, McKnight and Mues, LPA, 1105 Wilmington Avenue, Dayton, Ohio 45420-4108 by email and by first class mail following service upon the Respondents, and it is further

Ordered that no bond is required on this Temporary Restraining Order.

**DONE** and **ORDERED** in Dayton, Ohio, this Nineteenth day of February, 2008.

                                        **s/Thomas M. Rose**

                                        THOMAS M. ROSE
                                UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record